## UNITED STATES of America ex rel. Thomas DURSO and Michael Gargano, Petitioners,

## v.

## Frank J. PATE, Warden, Respondent.

## No. 68 C 1780.

United States District Court
N. D. Illinois, E. D.

May 28, 1969.

---

John J. Crown, Chicago, Ill., for petitioner, Thomas Durso.

Arthur J. O'Donnell, Chicago, Ill., for petitioner, Michael Gargano.

William J. Scott, Atty. Gen. of Illinois, and John M. Sorrentino, Asst. Atty. Gen., Chicago, Ill., for respondent, Frank J. Pate, Warden.

## MEMORANDUM OPINION

PERRY, District Judge.

This matter comes on upon the petition for writ of habeas corpus by petitioners, Thomas Durso and Michael Gargano, the return to rule to show cause of respondent, Frank J. Pate, Warden, Illinois State Penitentiary, Joliet-Stateville Branch, and petitioners' answer to respondent's return.

In their petition, petitioners allege as follows:

"2. Petitioners are presently in custody in the Illinois State Penitentiary at Stateville, Joliet, Illinois, having been remanded there pursuant to the order and sentence imposed by the Circuit Court of Cook County, Illinois, Criminal Division at Chicago, Illinois, with respect to cause No. 64–1317 wherein they were charged with the crime of murder, found guilty after trial by jury, and sentenced on November 24, 1964 to 100 to 150 years in the aforesaid penitentiary.

"3. Petitioners were represented by privately engaged counsel in the trial court, i. e., Petitioner Durso was represented by Julius L. Echeles and Petitioner Gargano was represented by Robert J. McDonnel, both counsel located in Chicago, Illinois, who duly filed on Petitioners' behalf a written motion for new trial which was denied and who duly filed on Petitioners' behalf notice of appeal directly to the Illinois Supreme Court on the ground that the cause involved constitutional issues. The Supreme Court, over the objection of the People of the State of Illinois, heard the direct appeal and affirmed the convictions by written opinion handed down on May 29, 1968 [People v. Durso, 40 Ill.2d 242, 239 N.E.2d 842]. Said opinion has not as yet been reported. We attach a copy hereto as Exhibit '1'. A petition for rehearing was duly filed with the Illinois Supreme Court on June 19, 1968, which petition was denied on September 24, 1968, a copy of which order is attached hereto as Exhibit '2'.

"4. Petitioners' grounds hereinafter alleged in support of this petition for Writ of Habeas Corpus were specifically raised by Petitioners' counsel in their written motion for a new trial

and, in addition, they were specifically raised in Petitioners' briefs and petition for rehearing in the Illinois Supreme Court. Petitioners have not filed any other proceedings either in the state or federal courts with respect to their conviction other than the Illinois Supreme Court proceedings above described, the rulings with respect to which are attached hereto as Exhibits '1' and '2'.

"5. Petitioners were denied due process of law in violation of their state and federal constitutional rights during their state trial because:

"(a) The People secreted a police report which contained evidence favorable to the Petitioners and thereby violated the rule laid down by the United States Supreme Court in Brady v. Maryland, 373 U.S. 83 at 87 [83 S.Ct. 1194, 10 L.Ed.2d 215] (1963); Giles v. Maryland, 386 U.S. 66 at 74 [87 S.Ct. 793, 17 L.Ed. 2d 737] (1967); and U. S. v. Felton [United States ex rel. Felton v. Rundle 410 F.2d 1300] (3rd Cir. 1968) (Opinion filed July 11, 1968, not yet reported, a copy of which is attached hereto as Exhibit '3').

"(b) The People were allowed to introduce over objection evidence of violations of the Illinois Narcotic Drug Act, not by Petitioners, but by others out of the presence of the Petitioners and in so doing so inflamed the passion and prejudice of the jury as to deny to Petitioners a fair trial for the crime with which they were charged."

In their petition, petitioners state that they have not filed any other proceedings in the State or Federal courts with respect to their conviction other than the Illinois Supreme Court proceeding described in their petition. Actually, since that time, they have filed with the United States Supreme Court a petition for writ of certiorari to the Supreme Court of Illinois, which has been denied. Durso v. Illinois, 393 U.S. 1111, 89 S.Ct. 923, 21 L.Ed.2d 807. They have made no effort to seek post conviction hearings under the laws of the State of Illinois, nor have they filed petitions for the issuance of habeas corpus writs in the courts of the State of Illinois. Thus they had not exhausted their remedies at the time of the filing of their petition herein and they have not done so to this date. Their failure to do so would require this court to deny their petition. However, since the petition, affidavits, exhibits, return, and answer thereto are all before the court, full consideration will be given to them by the court and the court will rule upon the merits thereof.

The petitioners rely upon two grounds in their petition herein, namely sub-paragraphs (a) and (b) of paragraph 5, set forth in full above. The court will first consider the allegations set forth in paragraph 5(b), again set forth as follows:

"(b) The People were allowed to introduce over objection evidence of violations of the Illinois Narcotic Drug Act, not by Petitioners, but by others out of the presence of the Petitioners and in so doing so inflamed the passion and prejudice of the jury as to deny to the Petitioners a fair trial for the crime with which they were charged."

No constitutional question whatsoever is raised in this allegation. No constitutional right is charged to have been violated. The whole subject matter of this allegation is one of relevance of evidence that is exclusively for the discretion of the trial court. If submitted to a jury it is a question of fact for the jury to consider and weigh in arriving at its verdict. All of the subject matter has been raised upon review before the Supreme Court of Illinois and the conviction of the defendants by that court affirmed. Furthermore, the petition of petitioners for a writ of certiorari to be issued by the Supreme Court of the United States to the Supreme Court of Illinois has been denied. The question

**650**

is now res adjudicata. There is no ground for a petition for a writ of habeas corpus to issue from this court on that subject matter.

■ The court now considers the only other ground relied upon by petitioners, namely paragraph 5(a) of their petition. In that paragraph petitioners charge that the prosecution suppressed evidence favorable to their case which, if revealed to them before or at trial, would have enabled them to present material evidence before the jury that might well have affected the jury in a manner favorable to them.

The record reveals that petitioners' claim is utterly without merit. The prosecution offered to produce the document sought, but Mr. Julius L. Echeles, counsel for petitioner Durso, made the following response:

"Mr. Echeles: If the Court please, I respectfully ask the opportunity to ask the witness questions with respect to statements, and then I'll make a demand, Your Honor. I prefer to do it on the record rather than to be given anything gratuitously by Mr. Flynn, Sir." (Rec. 817).

Mr. Robert J. McDonnell, attorney for petitioner Gargano, made no objection. Neither of said attorneys or petitioners ever made any demand for said document. These two attorneys have each tried numerous cases before this court and this court can and does attest to the skill and resourcefulness of each of them and, furthermore, to their devotion to the interests of their clients. This court is convinced that these attorneys chose not to pursue cross examination of witness Nancy Bourne any further and that, with an eye on appeal in the event of a guilty verdict, they sought to leave a record which might infer defendants were deprived of some evidence by the prosecution. That should end the matter.

However, the court does further consider the merits of the document in question. First, it is not a document that could be admitted in evidence or that could have been used for impeachment of witness Nancy Bourne. It was a routine police report which did not purport to summarize a statement of Miss Bourne. It was a conclusion of Police Officer Novak who was not called by the prosecution or the defense. Officer Novak's name was listed by the prosecution and the defense but the defense did not subpoena him nor seek information from him. Second, the witness Bourne was only called on the question of motive. Her evidence was not essential even to the question of motive and was wholly irrelevant to the charge of murder on which the defendants were tried. One of the defendants was a police officer and he knew well how to obtain a copy of said statement.

Like drowning men, the petitioners clutch at a straw when they seek to bring themselves under the facts of the case of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Had one of the defendants made a statement favorable to the other, such as was done in the *Brady* case, and had the prosecution secreted it from the other defendant, then the defendant could rely upon that case. The *Brady* case cannot by any stretch of the imagination be extended to cover a situation which is in no way analogous to the facts in the *Brady* case. The facts in this case are as different from those in the *Brady* case as apples from marbles.

Even if the facts and the circumstances herein were analogous to those in the *Brady* case, it does not follow that petitioners would automatically be entitled to release from custody. Neither the *Brady* case, nor any case since then, has made the *Brady* case doctrine retroactive, and the Supreme Court has at no time unlocked the prison doors in a wholesale manner when a new or first interpretation of any given statute or judicial procedure has been handed down.

Nowhere does either of the petitioners concern himself with the evidence of guilt. To grant the prayer of petitioners for relief herein would be a gross

miscarriage of justice. Therefore, the court will issue simultaneously herewith its order denying said petition.

This Memorandum Opinion shall stand as and for Findings of Fact and Conclusions of Law herein.

### ORDER

This matter having come on upon the petition for writ of habeas corpus of petitioners herein, the return to rule to show cause of respondent and petitioners' answer to respondent's return, and the court having this day entered, simultaneously herewith, a Memorandum Opinion standing for its Findings of Fact and Conclusions of Law herein, and the court having found and concluded therein that said petition should be denied.

It is ordered that said petition be and it is hereby denied as to each of said petitioners and that this cause be and it is hereby dismissed.